STATE OF NEBRASKA, APPELLEE, V. RICHARD L. WALKER, APPELLANT.

248 N. W. 2d 759

Filed December 29, 1976. No. 40750.

Frank B. Morrison and Stanley A. Krieger, for appellant.

Paul L. Douglas, Attorney General, and Robert F. Bartle, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

Defendant, on a charge of first-degree murder, was convicted of second-degree murder. On appeal he assigns as error the failure of the court to instruct the jury on the crime of manslaughter and alleged excessiveness of the sentence to life imprisonment. We affirm the judgment of the District Court.

The defendant and his wife were separated. He intercepted her as she was leaving her place of employ-

ment in an automobile operated by her brother. She was killed while sitting in the automobile. Defendant admitted he had a gun but testified that in a tussle with his brother-in-law he dropped the gun and it discharged twice. He maintained he had no intention of shooting his wife and that what occurred was accidental. The automobile door had not been opened and apparently there were no bullet holes in it as there would have been if his wife had been killed by a discharge of the gun when it was dropped to the ground. Medical evidence showed she was shot four times, once with the gun held against her forehead as demonstrated by a ring of powder marks or burns.

The basis for the assertion that an instruction on manslaughter should have been given is the testimony of the defendant above outlined. This testimony was contradicted by the brother-in-law and the physical facts demonstrate that it is absolutely incredible. "Manslaughter is the killing of another without malice, either upon a sudden quarrel or unintentionally while the slayer is in the commission of some unlawful act." State v. Worley, 178 Neb. 232, 132 N. W. 2d 764.

It is the duty of the court, in a trial for homicide, to instruct only on those degrees of homicide which find support in the evidence. See State v. Worley, supra.

In this instance the record fails to disclose any credible evidence of any nature which would support an instruction in regard to manslaughter. The killing was obviously premeditated, deliberate, and intentional. The evidence fails to disclose any extenuating circumstances but, on the contrary, would definitely support a conviction for first-degree murder had such been returned by the jury. Under such circumstances we cannot rule that the sentence is excessive.

The judgment of the District Court is affirmed.

AFFIRMED.